# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-1731V**

* * * * * * * * * * * * * * * * * * * * * * * * *
DOYLE MANNING, *
Petitioner, *
v. *
SECRETARY OF HEALTH AND HUMAN SERVICES, *
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: September 15, 2026

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On October 4, 2023, Doyle Manning filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered from a shoulder injury related to vaccine administration following his receipt of an influenza vaccine on October 9, 2021. The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated May 29, 2026 (ECF No. 32).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 22, 2026 (ECF No. 37) ("Mot."). This is Petitioner's sole such request. Petitioner requests a total of $79,762.08 ($76,183.00 in fees, plus $3,579.08 in costs) for the work of the attorneys and staff at Black McLaren Jones Ryland & Griffee. Mot. at 2. Respondent reacted to

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

the fees request on Sept. 3, 2026. *See* Response, dated Sept. 3, 2026 (ECF No. 38) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner filed a reply, maintaining his position and requesting that he be awarded the requested fees and costs as indicated. Reply, dated Sept. 2, 2026 (ECF No. 39).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$79,762.08**.

## I. Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|
| **Michael G. McLaren (Attorney)** | $501.00 | $518.00 | -- | -- | $630.00 |
| **William E. Cochran, Jr. (Attorney)** | $435.00 | $450.00 | $478.00 | $518.00 | $559.00 |
| **Chris J. Webb (Attorney)** | $395.00 | $410.00 | $435.00 | $472.00 | $509.00 |

| | | | | | |
|---|---|---|---|---|---|
| **Hallie Flanagan (Attorney)** | -- | -- | -- | $386.00 | $431.00 |
| **Paralegals** | $167.00 | $172.00 | $183.00 | $199.00 | $215.00 |

Mot. at 9; ECF No. 37-2 at 1–21.

Mr. McLaren and his colleagues practice in Memphis, TN—a jurisdiction that has been deemed "in forum," thus entitling them to the rates established in *McCulloch*. *See Henry v. Sec'y of Health & Hum. Servs.*, No. 15-545V, 2016 WL 7189925, at *10 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). The rates requested are also consistent with what has previously been awarded these attorneys, in accordance with the Office of Special Master's fee schedule.[3] *See Stimson v. Sec'y of Health & Hum. Servs.*, No. 21-2171V, 2024 WL 4133295, at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024); *Nguyen on behalf of N.N. v. Sec'y of Health & Hum. Servs.*, No. 22-765V, 2026 WL 1133977 (Fed. Cl. Spec. Mstr. Mar. 26, 2026); *Wiles v. Sec'y of Health & Hum. Servs.*, No. 22-399V, 2026 WL 1506784, at *4 (Fed. Cl. Spec. Mstr. Apr. 23, 2026); *Alvarado v. Sec'y of Health & Hum. Servs.*, No. 24-1214V, 2026 WL 1985303, at *2 (Fed. Cl. Spec. Mstr. June 2, 2026).

## I. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 669, 670 (Fed. Cl. 2002); *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the expense of obtaining medical records, and expert time incurred while working on a case. *Fester v. Sec'y of Health and Hum. Servs.,* No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $3,579.08 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, expert costs, and costs associated with travel. Mot. at 21. Petitioner has provided supporting documentation for all claimed costs. *See* Fee Bill with Expenses, filed July 22, 2026, at 23–47 (ECF No. 37-2) ("Fee Bill"). The general litigation costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought—he merely continues to request that I exercise my discretion in awarding costs, and urging a case-by-case determination regarding the hourly rate requested for Petitioner's expert, Dr. Uma Srikumaran.

[3] OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node2914 (last visited Sept. 15, 2026).

Dr. Srikumaran billed a total of $1,000.00 for his expert assistance in this case, at a rate of $1,000.00 per hour. Fee Bill at 45. That rate was first adjudicated and accepted by a single special master in *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). It has not, however, been universally embraced by the special masters, and several decisions have noted how unusually high Dr. Srikumaran's requested rate is when compared to prior Program experience. *See, e.g.*, *Durham v. Sec'y of Health & Hum. Servs.*, No. 17-899V, 2024 WL 4369198, at *2–3 (Fed. Cl. Spec. Mstr. Sept. 6, 2024) (agreeing Dr. Srikumaran's $1,000.00 rate "will be appropriate in at least some cases" but "warrants scrutiny based on … the actual work performed in the case," and finding a reduction necessary because his expert reports "did not demonstrate either the efficiency or effectiveness that he has displayed in other cases" and did not match work seen by "a top tier expert").

Here, the total amount billed by Dr. Srikumaran is reasonable under the circumstances and will be awarded in full. However, in making this finding, I am not opining on the propriety of his requested rate, or deeming it proper for future matters.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for a Final Award of Attorney's Fees and Costs. I award a total of **$79,762.08** (reflecting $76,183.00 in fees, and $3,579.08 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.